# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

JEFFREY G. HUTCHINSON,

    Petitioner,

vs.                                                 CASE NO. 5:09-CV-261-RS

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER

Before me is Respondent's motion to dismiss (Doc. 28).

## BACKGROUND

This case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). On July 24, 2009, Mr. Hutchinson filed a pro se federal habeas petition. (Doc. 1). I then appointed D. Todd Doss as federal habeas counsel. Mr. Doss filed an amended habeas petition on November 23, 2009. (Doc. 19). Respondent seeks dismissal of both petitions as untimely.

The deadline for Mr. Hutchinson to file a federal habeas petition, or to file a state motion for postconviction relief to toll the time for filing a federal habeas petition, was September 30, 2005. Petitioner filed his state postconviction motion on October 20, 2005, twenty days after the deadline. Therefore, although Mr.

1

Hutchinson's filed his federal habeas petition on July 29, 2009, immediately after the Florida Supreme Court's decision on his state postconviction motion, it is untimely because the federal habeas petition deadline was not tolled during the pendency of his state court motion. Petitioner does not dispute the untimeliness of his petition and acknowledges that his state postconviction motion was filed subsequent to the one-year deadline under AEDPA. (*See* Doc. 36 at 3, ¶ 8.) However, he argues that the Court should grant the remedy of equitable tolling and not dismiss his federal habeas petition.

## **ANALYSIS**

Petitioner relies upon the recently decided Supreme Court case *Holland v. Florida,* 130 S.Ct. 2549 (2010), to argue that he is entitled to equitable tolling due to his attorneys' failure to timely file his state postconviction motion. A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010)(citing *Pac v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005))(internal quotations omitted).

In the *Holland* case, the Eleventh Circuit held that attorney conduct that is "grossly negligent" can never warrant tolling absent "bad faith, dishonesty, divided loyalty, mental impairment, or so forth on the lawyer's part." *Holland* at 2563

2

(citing 539 F.3d 1334, 1339 (11th Cir. 2008)). The Supreme Court found that this standard was too limited. *Holland* at 2563. While equitable tolling is not warranted for a "garden variety claim of excusable neglect," such as a simple miscalculation that leads a lawyer to miss a filing deadline, Holland's case presented a far more serious instance of attorney misconduct that warranted further consideration by the District Court on whether extraordinary circumstances were present. *Id.* a t 2565.

Petitioner Hutchinson argues that similar to Holland, the conduct by his state counsel amounted to egregious behavior, creating an extraordinary circumstance that warrants equitable tolling. However, it appears from the affidavit filed by Petitioner that his attorneys' failure to timely file his state motion was a result of simple attorney negligence in miscalculating a deadline. Mr. Hutchinson and his attorneys communicated many times regarding the filing of a state postconviction motion, therefore this is not a case where an attorney has "abandoned" his client and refused to communicate with him. Mr. Hutchinson's attorneys believed the deadline for his motion was not until October 20, 2005. (Doc. 36-1 at ¶ 15).

Mr. Hutchinson does not state in his affidavit that he informed his attorneys the deadline was actually September 30, 2005, and his attorneys deliberately did not file his motion in time. He states that he received assurances from his attorneys that they would file his motion not later than September 29, 2005, but

3

does not state that this was because his attorneys knew about the September 30, 2005, deadline. In fact, in Petitioner's pro se response to Respondent's motion to dismiss (which was later stricken), Petitioner argued that he had until October 20, 2005 to file his state postconviction motion. (Doc. 30 at 4). This can only lead to the conclusion that Petitioner, along with his attorneys, simply miscalculated the deadline, and that miscalculation is why his state postconviction motion was not filed in time to toll the statute of limitations on his federal habeas petition. The fact that Petitioner's state motion was indeed filed on October 20, 2005, further supports this conclusion.

Thus, this is a case not of gross negligence or egregious behavior on the part of Petitioner's attorneys, but simple negligence of the attorneys in miscalculating a deadline. A simple miscalculation of a deadline is insufficient to warrant equitable tolling, and therefore Petitioner is not entitled to this remedy. *See Holland* at 2564; *Lawrence v. Florida*, 549 U.S. 237, 127 S.Ct. 1079 (2007). Accordingly, **IT IS ORDERED:**

1. The relief requested by Respondent's motion to dismiss (Doc. 28) is **granted** and Petitioner's motion is dismissed with prejudice.

2. All pending motions are **denied as moot.**

3. The Clerk is directed to close the file.

**ORDERED** on September 28, 2010.

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**